UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20963-BLOOM/Louis

AIRCRAFT 25853, LLC,

    Plaintiff,

v.

COMMERCIAL JET SERVICES, LLC,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff Aircraft 25853, LLC's ("Plaintiff") Complaint, ECF No. [1]. The Court has reviewed the Complaint, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Plaintiff's Complaint alleges that this Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332. ECF No. [1] ¶ 19. In addition, the Complaint states that Plaintiff "is

a Delaware limited liability company with its principal place of business in Lake Mary, Florida," and Defendant Commercial Jet Services, LLC ("Defendant") "is a Delaware limited-liability company with its principal place of business in Dothan, Alabama." *Id.* ¶¶ 14-15.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014) (quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978)); *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) ("For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

*Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Here, Plaintiff has failed to sufficiently allege the citizenship of Defendant because Plaintiff does not identify the members of either "limited liability company [or] their respective states of citizenship." *Id.* As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, as Plaintiff has here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that **on or before March 18, 2020**, Plaintiff shall provide the Court with sufficient information so that it may determine whether diversity jurisdiction exists over the instant action. Failure to comply will result in the imposition of sanctions, including, but not limited to dismissal without prejudice, without further notice.

Case No. 20-cv-20963-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 5, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record